Cassotto v. Donahoe

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand fifteen.

PRESENT:
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> *Circuit Judges*,
> JOHN G. KOELTL,
> *District Judge.*[*]

———————————————————————

ROBERT CASSOTTO,

> *Plaintiff-Appellee*,

v.                                                                 No. 14-560

PATRICK R. DONAHOE, Postmaster General,

> *Defendant-Appellant*,

FRED DOTSON, Postmaster,

———————————————————

[*] Judge John G. Koeltl, United States District Judge for the Southern District of New York, sitting by designation.

*Defendant.*[**]

_____

FOR PLAINTIFF-APPELLANT:     JOHN R. WILLIAMS, New Haven, Connecticut.


FOR DEFENDANT-APPELLEE:     DAVID C. NELSON, Assistant United States
Attorney (Carolyn A. Ikari and Sandra S. Glover,
Assistant United States Attorneys, *on the brief*), *for*
Deirdre M. Daly, United States Attorney for the
District of Connecticut, New Haven, Connecticut.

Appeal from an order of the United States District Court for the District of Connecticut (Holly B. Fitzsimmons, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Robert Cassotto appeals from a judgment dismissing his Title VII retaliation claim following a jury verdict in favor of defendant-appellee, Postmaster General Patrick R. Donahoe.[1] The unfavorable verdict came at the end of the second trial of this matter. At the first trial, which resulted in a verdict for plaintiff, the district court instructed the jury in accordance with this Circuit's then-governing rule that a Title VII retaliation plaintiff could prevail by establishing that a retaliatory motive was a "substantial or motivating factor" affecting

_____

[**] The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

[1] Cassotto suggests that the jury's verdict was based on the Age Discrimination in Employment Act ("ADEA") as well as Title VII. Because both parties and the district court consistently characterized the only claim at issue at trial as Title VII retaliation, we consider Cassotto's alternate ADEA claim abandoned.

2

the adverse employment action of which the plaintiff complained. While defendant's motions for judgment as a matter of law and a new trial were pending, the Supreme Court decided University of Texas Southwestern Medical Center Center v. Nassar, which subjected Title VII retaliation claims to a heightened standard of "but-for" causation. See 133 S. Ct. 2517, 2533 (2013). On that basis, the district court granted the government's motion for a new trial, resulting in a verdict for Donahoe. Cassotto now appeals, arguing that the district court abused its discretion in granting the new trial because defendant invited any error in the causation instructions by explicitly requesting an instruction on the "substantial or motivating factor" standard. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Under Rule 59(a) of the Federal Rules of Civil Procedure, a district court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court," Fed. R. Civ. P. 59(a)(1)(A), including on the basis of an erroneous jury instruction, see Cobb v. Pozzi, 363 F.3d 89, 112 (2d Cir. 2004) ("An erroneous jury instruction mandates a new trial unless the error is harmless."). A jury instruction is erroneous where "it misleads the jury as to the correct legal standard or where it fails to adequately inform the jury on the law." Id. We review the district court's decision to grant a new trial under Rule 59(a) only for abuse of discretion. Manley v. AmBase Corp., 337 F.3d 237, 245 (2d Cir. 2003). The court abuses its discretion if "(1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision – though not necessarily the product of a legal error or a clearly erroneous factual finding – cannot be located

3

within the range of permissible decisions." Zervos v. Verizon New York, Inc., 252 F.3d 163, 169 (2d Cir. 2001).

The Supreme Court's decision in Nassar, which Cassotto concedes applies retroactively to his Title VII claim, made clear that the "substantial or motivating factor" standard on which the district court instructed the jury in the initial trial was an inaccurate statement of the law. Instead, Nassar articulated a more defendant-friendly standard of causation for Title VII retaliation claims, strengthening the defense case in an already close trial. Considering Cassotto's purely circumstantial evidence of retaliation and the defendant's evidence suggesting a legitimate alternate explanation for his termination, we cannot say that the district court abused its discretion by concluding that the incorrect instruction on causation might have affected the verdict, that a correct instruction conveying a heightened standard might have led to a different verdict,[2] and that a new trial was therefore warranted.

Nevertheless, Cassotto insists that defendant was barred from seeking a new trial because, even conceding that the "substantial or motivating factor" instruction was erroneous in light of Nassar, defendant invited that error by requesting that instruction. Under the invited error doctrine, a "party may not complain on appeal of errors that he himself invited or provoked the district court to commit." United States v. Wells, 519 U.S. 482, 488 (1997) (internal quotation marks and alterations omitted). "Denying relief even for plain errors where a defendant deliberately provokes a procedural irregularity, the invited error doctrine seeks to avoid rewarding mistakes stemming from a defendant's own intelligent, deliberate course of

_____

[2] Indeed, at the second trial, the properly instructed jury returned a verdict for defendant, resulting in the judgment now under review.

conduct in pursuing his defense." United States v. Bastian, 770 F.3d 212, 218 (2d Cir. 2014) (internal quotation marks omitted). That doctrine does not apply in this case. Defendant did not seek a tactical advantage by failing to request a more favorable causation standard, but merely acquiesced in this Circuit's established interpretation of Title VII, which the district court was bound to apply regardless of what charge the defendant proposed. To the extent that defendant's acquiescence may have failed to preserve his future challenge to the district court's causation instructions, that failure does not constitute invited error but merely subjects defendant's arguments to plain error review, which, for the same reasons noted above, supports the district court's grant of the new trial. Girden v. Sandals Int'l, 262 F.3d 195, 206 (2d Cir. 2001) (defining plain error standard of review in civil cases).

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5