*United States v. Constantinou*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand sixteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> AMALYA L. KEARSE,
> > *Circuit Judge*,
> LORNA G. SCHOFIELD,
> > *District Judge*.[*]

---

UNITED STATES OF AMERICA,
> *Appellee*,

v.            No. 14-4725

ANDREW CONSTANTINOU,
> *Defendant-Appellant*,

GENEVIEVE SALVATORE, LAWRENCE DRESSLER, KWAME NKRUMAH, a/k/a Roger Woodson, JACQUES KELLY,
> *Defendants*.[†]

---

[*] The Honorable Lorna G. Schofield, of the United States District Court for the Southern District of New York, sitting by designation.

[†] The Clerk of Court is directed to amend the caption as indicated above.

For Appellee:                          DAVID T. HUANG, Assistant United States
                                       Attorney, District of Connecticut (Mark E.
                                       Coyne, Assistant United States Attorney,
                                       District of New Jersey (of counsel), *on the
                                       brief*), *for* Loretta E. Lynch, United States
                                       Attorney General, Washington, DC, and
                                       Paul J. Fishman, United States Attorney for
                                       the District of New Jersey, Newark, NJ.

For Defendant-Appellant:               NORMAN A. PATTIS (Daniel M. Erwin, *on
                                       the brief*), The Pattis Law Firm, LLC, New
                                       Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Andrew Constantinou appeals a judgment of conviction entered on December 22, 2014, by the United States District Court for the District of Connecticut (Hall, *C.J.*), following a jury verdict finding him guilty of conspiracy to commit bank, mail, and wire fraud in violation of 18 U.S.C. § 1349. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

First, Constantinou advances the novel argument that the district court "constructively" closed the courtroom, and thereby violated his Sixth Amendment right to a public trial, when, during *voir dire*, it conducted sidebars with certain jurors in open court, on the record, and in the presence of counsel for all parties. Constantinou concedes that he did not object to the district court's use of sidebars in this manner and that, at best, his constructive-closure theory is subject to plain-error review. Constantinou further concedes that he "raises on appeal what is apparently an issue of first impression, to wit: Whether intermittent voir dire conducted at sidebar violates

his Sixth Amendment right to a public trial," Appellant Br. 19, and that the procedure he complains of is "common practice in the District of Connecticut," *id.* at 6.

To succeed on a claim under plain-error review, "an appellant must demonstrate," among other things, that the purported "error is clear or obvious, rather than subject to reasonable dispute." *United States v. Bastian*, 770 F.3d 212, 219 (2d Cir. 2014) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)). Even assuming—and it is a generous assumption—that Constantinou has identified an error in the district court's use of sidebars, such error cannot be "clear or obvious" if we have never questioned the procedure and it is common practice. *Cf. Bastian*, 770 F.3d at 221; *United States v. Weintraub*, 273 F.3d 139, 152 (2d Cir. 2001). Accordingly, his claim fails.

Second, Constantinou contends that the district court erroneously refused his requests to sever his trial from that of co-defendant Jacques Kelly. "Whether to grant or deny a severance motion is committed to the sound discretion of the trial judge. The district court's exercise of that discretion is virtually unreviewable." *United States v. Salameh*, 152 F.3d 88, 115 (2d Cir. 1998) (citations and quotation marks omitted). Furthermore, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together. This preference is particularly strong where, as here, the defendants are alleged to have participated in a common plan or scheme." *Id.* (citations and quotation marks omitted).

Constantinou argues that severance was warranted because his defense conflicted with that of his co-defendant. The district court addressed this argument before and after trial, concluding that severance was not necessary because the defenses were not mutually exclusive. *See* Gov't App. 46; *United States v. Constantinou*, No. 3:11-CR-192 (JCH), 2014 U.S. Dist. LEXIS 122915, at *14–15 (D. Conn. Sept. 2, 2014); *see also United States v. Cardascia*, 951

3

F.2d 474, 484 (2d Cir. 1991). We conclude that the district court did not abuse its discretion in making this determination.

Third, Constantinou contends that the district court erroneously declined to conduct a hearing to explore an alternate juror's post-verdict allegations of pre-deliberation juror misconduct. "We review for abuse of discretion the district court's handling of alleged juror misconduct." *United States v. Farhane*, 634 F.3d 127, 168 (2d Cir. 2011). "A district court's investigation of juror misconduct or bias is a delicate and complex task. Therefore, a trial judge has broad flexibility in such matters, especially when the alleged prejudice results from statements by the jurors themselves, and not from media publicity or other outside influences." *United States v. Peterson*, 385 F.3d 127, 134 (2d Cir. 2004) (citations and quotation marks omitted).

Here, an alternate juror provided multiple unsolicited communications to the district court describing what he believed were improper pre-deliberation comments from his fellow jurors. The district court inquired about the alternate juror's availability to discuss the allegations, but the alternate juror indicated there was nothing more to add to what had been stated. The district court then received full briefing on the issue from the parties, and, in a thorough opinion exploring the issue, it explained that no hearing was necessary because there was not "clear, strong, substantial and incontrovertible evidence that a specific nonspeculative impropriety has occurred which could have prejudiced the trial." App. 101 (quoting *United States v. Stewart*, 433 F.3d 273, 302–03 (2d Cir. 2006)). We conclude that the district court's handling of this matter was an appropriate exercise of its discretion. *Cf. Peterson*, 385 F.3d at 135.

4

We have considered the remaining arguments advanced on appeal and find no basis for reversal. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk