19-2394-cr
*United States v. Williams*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1.  When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of September, two thousand twenty.

PRESENT:    JON O. NEWMAN
            REENA RAGGI
            JOSEPH F. BIANCO,
                    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                    *Appellee*,                                         19-2394-cr

            v.

JIHAD WILLIAMS, AKA GOODIE,

                    *Defendant-Appellant*,

DOUGLAS OWENS, AKA BORN TRUTH, NICHOLAS HARRIS, AKA BADOS, DIMETRI MOSELEY, AKA PANCHO, JAQUEZ HILL, AKA QUEZ, AKA QUEEZY, MARKEL GREEN, AKA BOOGE, RAHIEM MILLER, AKA BIGS, AKA BIGS MILLER, AKA RIPPY, CHRISTIAN BLADES, AKA C BLADES, AKA JT, ASHANTI BUNN, AKA SHAN D, RAYSHAWN CASANOVA, AKA CASS, AKA UBER JACK, TREQUON

DANCY, AKA TRE POUND, AKA TRIGGA TRE, RASHMI RUPARELIA, AKA BABY RASH, DAVONTE HAMILTON, AKA VONT,

*Defendants.*

For Appellee:                                         MAURENE COMEY (Karl Metzner, *on the brief*), Assistant United States Attorneys, *for* Audrey Strauss, Acting United States Attorney for the Southern District of New York, New York, New York.

For Defendant-Appellant:                    BRIAN E. SPEARS, Spears Manning & Martini LLC, Southport, Connecticut.

On appeal from the United States District Court for the Southern District of New York (Nelson S. Román, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of conviction of the district court, entered on July 24, 2019, is **AFFIRMED**.

Jihad Williams appeals from a judgment convicting him, upon a guilty plea, of one count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d), in connection with his participation in the racketeering activities of the "Uptown Gang" in Poughkeepsie, New York. Williams argues that his guilty plea was not knowingly and voluntarily entered because the district court failed to adequately advise him of the nature of the charge to which he was pleading guilty or the direct consequences of his plea, as required under Rule 11 of the Federal Rules of Criminal Procedure. In particular, Williams contends that he allocuted only to two predicate acts of marijuana sales at his guilty plea proceeding, and that the district court erred by not specifically explaining to him before he pled guilty that his alleged involvement in other racketeering acts charged in the superseding indictment could also be considered in determining his sentencing if proven by the

2

government. At sentencing, the district court considered such additional conduct, including that, in 2016, Williams provided a gun to fellow gang members, which weapon they used to shoot at rival gang members at a barbecue, causing the death of an innocent bystander. After considering his criminal conduct and all of the factors set forth in 18 U.S.C. § 3553(a), the district court sentenced Williams principally to 180 months' imprisonment, well below his recommended Guidelines sentence of 240 months. We assume the parties' familiarity with the underlying facts and the procedural history of the case, which we reference only as necessary to explain our decision to affirm.

Williams contends that his plea was not knowing and voluntary as required by Rule 11. *See Zhang v. United States*, 506 F.3d 162, 168 (2d Cir. 2007) (recognizing Rule 11 as setting forth requirements for knowing and voluntary guilty plea). Because Williams did not challenge his guilty plea in the district court, we review his arguments for plain error. *See* Fed. R. Crim. P. 52(b). "Under the plain error standard, an appellant must demonstrate that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Bastian*, 770 F.3d 212, 219-20 (2d Cir. 2014) (quotation marks and alteration omitted). Williams's challenge fails at the first step of analysis; that is, he fails to demonstrate error.

At the plea proceeding, the district court fully complied with all of the requirements of Rule 11 in determining that Williams's plea was knowing and voluntary. More specifically, as relevant to this appeal, the district court informed Williams of "the nature of [the] charge to which [Williams] [wa]s pleading" and "any maximum possible penalty, including imprisonment, fine, and term of supervised release." *See* Fed. R. Crim. P. 11(b)(1)(G), (H). With respect to the nature

3

of the charge, the district court asked Williams if he was pleading guilty to Count One of the superseding indictment, which charged him with racketeering conspiracy, and Williams stated that he was. At the district court's direction, the government then explained the statutory elements of racketeering conspiracy under 18 U.S.C. § 1962(d). The district court then informed Williams that, based on his guilty plea, he faced a maximum term of imprisonment of 20 years, a maximum term of supervised release of three years, a maximum fine of $250,000, and a $100 mandatory special assessment. Moreover, the district court explained to Williams its obligation to consider the applicable Sentencing Guideline and the court's inability to determine the Guidelines calculation until after the Pre-Sentence Report was prepared. That information was sufficient under Rule 11 to adequately advise Williams of both the nature and the charge to which he was pleading and the direct consequences of his guilty plea.

On appeal, Williams does not contend that any of the information provided by the district court with respect to these Rule 11 requirements was incorrect. Instead, he argues that the district court should have further informed him that his alleged racketeering conduct with his co-conspirators, even if not part of his allocution, could be considered under the Guidelines in determining his sentence if proven by the government. His request, however, asks for more than Rule 11 requires. As this Court held in *United States v. Andrades*, 169 F.3d 131 (2d Cir. 1999), "there is no requirement in Rule 11 itself that defendants be advised of their potential punishments pursuant to the Sentencing Guidelines rather than the criminal statute, and we decline to create the requirement." *Id.* at 134; *see also United States v. Fernandez*, 877 F.2d 1138, 1143 (2d Cir. 1989) (concluding the district court was "not required to calculate and explain the Guidelines sentence" to the defendant "before accepting the plea" because Rule 11 was satisfied "once [the defendant] was informed of the possible consequences enumerated in the Rule"). Put simply, the district court

4

was not obligated under Rule 11 to explain that Williams could be held responsible at sentencing for additional criminal conduct in connection with his guilty plea to Count One—whether that conduct could be determined to be part of the charged conspiracy or "relevant conduct" under § 1B1.3 of the Guidelines—even though such conduct was not part of his allocution.

Williams contends that vacatur of his conviction is supported by our decision in *United States v. Lloyd*, 901 F.3d 111 (2d Cir. 2018), *cert. denied*, 140 S. Ct. 55 (2019), but that case is clearly distinguishable. In *Lloyd*, we held that the plea proceeding was inadequate under Rule 11 because the district court had failed entirely "to explain the elements of the crime to [the defendant], or even to ask the government to articulate them." *Id.* at 121. Moreover, there, the district court did not ask the defendant to describe his participation in the offense conduct. *Id.* That is not what happened here: at the plea proceeding, the district court described the offense to which Williams was pleading, the government recited the elements, and Williams explained his conduct in the offense. Williams's heavy reliance on *United States v. Johnson*, 850 F.3d 515 (2d Cir. 2017), is similarly misplaced. In *Johnson*, we vacated the guilty plea because the district court failed to advise the defendant at the plea proceeding that he faced a mandatory life sentence as a result of his guilty plea. *Id.* at 522-23. That holding is inapposite to the facts here, where the district court fully communicated the potential statutory penalties to Williams.

Moreover, although not required by Rule 11, there is certainly evidence in the record that Williams was aware at the time of his guilty plea that his act of supplying the gun used in the racketeering murder committed by his co-conspirators would be considered in determining his Guidelines range and his sentence. In particular, his plea agreement contained a Guidelines calculation that explicitly included that murder. *See* Joint App'x at 52 ("Pursuant to U.S.S.G. § 3D1.1(a), because there are multiple underlying offenses—to wit, the murder of Caval Haylett

5

and conspiracy to distribute narcotics—a multiple count analysis must be performed."). Thus, the plea agreement calculated the Guidelines range for the racketeering conspiracy as 360 months to life imprisonment, adjusted to the statutory maximum of 240 months' imprisonment, which the parties agreed to as the "Stipulated Guidelines Sentence." Joint App'x at 54. At the plea hearing, the district court asked Williams if he had reviewed the plea agreement and discussed it with his lawyer, and Williams said he had. Those sworn representations by Williams "carry a strong presumption of veracity." *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997). Thus, it should have come as no surprise to Williams that, in its sentencing submission, the government (consistent with the Pre-Sentence Report) sought to hold Williams responsible for the murder that resulted after he supplied the firearm. *See* Joint App'x at 121 ("Although the defendant may not have personally fired a gun, he put multiple guns in the hands of his fellow gang members knowing and intending that they would be used to target rivals. In taking those actions, the defendant accepted the risk that someone would die at the hands of his fellow gang members."). Indeed, although Williams argued in his sentencing submission that a Guidelines sentence was not warranted because he did not participate in the shooting that led to Caval Haylett's death, he did not object to the Guidelines calculation in the Pre-Sentence Report, which included the murder, and did not contest that he supplied the weapon for the murder. *See* Joint App'x at 63 ("Although the defendant has accepted responsibility for his direct role in the racketeering conspiracy in the distribution of marijuana and promotion of Uptown through social media, and understands that he stipulated in the Plea Agreement to other underlying racketeering offenses committed by others in the organization, it is crucial to note that . . . it is not claimed by the Government that the defendant directly participated in the shootings and deaths alleged in the indictment."). Further, Williams confirmed at his sentencing that he had read and reviewed the Pre-Sentence Report and discussed

6

it with his attorney. To the extent Williams suggested at the end of his sentencing that his attorney did not adequately explain the plea agreement to him or otherwise misinformed him about the calculation of his sentence or the likely consequences of his plea, any claim of ineffective assistance of counsel is not the subject of this appeal.

We recognize that it may be prudent for the district court to confirm the defendant's understanding of a Guidelines stipulation (or for the government to describe that stipulation) on the record at a plea proceeding, particularly where the plea agreement's Guidelines calculation is premised on additional criminal conduct that was not part of the defendant's allocution. However, that further inquiry is not required under Rule 11, and it is not error—much less plain error—when the district court fails to do so.

In sum, having carefully reviewed the record, we conclude that the district court fully complied with Rule 11 in ensuring that Williams's plea was knowingly and voluntarily entered. We have considered Williams's remaining arguments and conclude they are without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7