18-42-cr
*United States v. Jones*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of February, two thousand twenty-one.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> DENNY CHIN,
> JOSEPH F. BIANCO,
> > *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                             18-42-cr

STEPHEN JONES, AKA Steve-O, AKA Bless,

> *Defendant-Appellant*.

_____

| | |
|---|---|
| For Defendant-Appellant: | KENNETH A. CARUSO, Esq., Mukasey Frenchman & Skarloff, LLP, New York, NY. |
| For Appellee: | MONICA J. RICHARDS, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney, Western District of New York, Buffalo, NY. |

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Stephen Jones ("Jones") appeals from a judgment of the Western District of New York (Larimer, *J.*) entered on January 2, 2018, after a jury found Jones guilty of one count of conspiracy to commit sex trafficking, 18 U.S.C. §§ 1591(a), 1594(c), and four counts of sex trafficking, § 1591(a). The district court sentenced Jones to a 300-month term of imprisonment on each of the five counts of conviction, to run concurrently, as well as a ten-year term of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## A. Constructive Amendment

"We review a constructive amendment challenge de novo." *United States v. Banki*, 685 F.3d 99, 118 (2d Cir. 2012). Because Jones argues that his indictment was constructively amended for the first time on appeal, we review his challenge only for plain error. Fed. R. Crim. P. 52(b); *United States v. Bastian*, 770 F.3d 212, 219 (2d Cir. 2014). Under this standard, a defendant is required to demonstrate "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (alteration in original) (internal quotation marks omitted).

2

"[T]o establish a constructive amendment, a defendant must show that the trial evidence or jury instructions so altered an essential element of the charge that, upon review, it is uncertain whether the defendant was convicted of conduct that was the subject of the grand jury's indictment." *Bastian*, 770 F.3d at 220 (internal quotation marks omitted). This "occurs where the actions of the court broaden the possible bases for conviction from that which appeared in the indictment." *Id.* (internal quotation marks omitted). However, "[w]e have consistently permitted significant flexibility in proof adduced at trial to support a defendant's conviction, provided that the defendant was given notice of the core of criminality to be proven against him." *Id.* (internal quotation marks and emphasis omitted). "So long as the indictment identifies the essence of [the] crime . . . , discrepancies in the particulars of how a defendant effected the crime do not constructively amend the indictment." *Id.* (alteration and internal quotation marks omitted).

Here, Jones argues that the government constructively amended the indictment by introducing and relying on evidence showing that he and a co-conspirator engaged in advertising on a notorious prostitution website. He also argues that constructive amendment resulted from the district court's erroneous mention of the term "advertise" when reading the text of § 1591 at the opening of trial and in the preamble of the final instructions to the jury. In his view, the result was a deviation from the indictment, which charged him with "recruit[ing], entic[ing], harbor[ing], transport[ing], provid[ing], obtain[ing], and maintain[ing]" persons, knowing they would be caused to engage in a commercial sex act. App'x 35-36. We disagree with Jones's contentions.

First, the government's evidence detailing how Jones and his co-conspirator placed advertisements soliciting clients for his victims "f[ell] squarely within the charged scheme." *United States v. Salmonese*, 352 F.3d 608, 621 (2d Cir. 2003). In this case, the government's

evidence of the advertisements enabled it to show the means by which Jones and his co-conspirator "provid[ed]" women for prostitution, as was charged in the indictment. Second, the district court's mistake did not result in any realistic risk that the jury convicted on a legal theory other than those set forth in the indictment. Although the district court misspoke when reciting the applicable statutory language, the district court did not include the term "advertising" when (1) referring, on multiple occasions in the instructions, to the actual language in the indictment, (2) correctly setting forth the elements for each of the counts of the indictment, and (3) providing the jury with the text of the indictment as to each count on the verdict sheet. Furthermore, even if the jury found the evidence of advertising credible, that evidence was entirely consistent with the indictment, as already noted. Accordingly, there was no deviation from the indictment and thus no constructive amendment.[1]

### B. Jury Instruction

18 U.S.C. § 1591(a) makes it a crime to engage in specified prohibited acts while knowing that specified prohibited means will be used to cause a person to engage in a "commercial sex act." Jones contends that the district court erred by failing to instruct the jury as to the definition of "sex act" in the statute.

"The propriety of a jury instruction is a question of law that we review *de novo*." *United States v. Wilkerson*, 361 F.3d 717, 732 (2d Cir. 2004) (internal quotation marks omitted). "A defendant challenging a jury instruction as erroneous must show both error and ensuing prejudice." *United States v. Sabhnani*, 599 F.3d 215, 237 (2d Cir. 2010) (internal quotation marks omitted).

---

[1] For the same reasons, we find unpersuasive Jones's alternative argument that, even if not a constructive amendment, the district court's passing reference to "advertising" may have led to a conviction on an invalid legal theory.

A charge results in error where it "either fails to adequately inform the jury of the law, or misleads the jury as to the correct legal standard." *Id.* (internal quotation marks omitted).

Here, the district court's instruction as to "commercial sex act" was verbatim from the statute, 18 U.S.C. § 1591(e)(3), and consistent with the model jury instruction in the leading treatise on the subject. *See* 2 L. Sand et al., *Modern Federal Jury Instructions—Criminal*, ¶ 47A.03, Instruction 47A-22 (2020). The instruction was also self-explanatory in the context of this case, as the district court concluded, given that the witnesses at trial had testified about engaging in prostitution, which was a "relatively familiar term indicating sex for money." Gov. App'x 77. Moreover, Jones has provided no reason to believe that, in the absence of more detailed instructions, the "jury could have convicted based on a legally erroneous theory," or otherwise how the verdict may have differed. *Sabhnani*, 599 F.3d at 239; *see also United States v. Coppola*, 671 F.3d 220, 247 (2d Cir. 2012) (explaining that we reverse only where a defendant can show prejudicial error resulting from an erroneous jury instruction). Accordingly, we reject Smith's arguments as to the district court's jury instructions.

**C. Speedy Trial Act**

"We review the district court's findings of fact as they pertain to a speedy trial challenge for clear error and its legal conclusions *de novo*." *United States v. Lynch*, 726 F.3d 346, 351 (2d Cir. 2013) (internal quotation marks omitted). Under the Speedy Trial Act, a district court may exclude time where it concludes that the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). We review a determination that the ends of justice warrant a continuance for abuse of discretion. *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988).

Here, the district court considered the unavailability of the prosecutor when granting the continuance, as it was entitled to do under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). In doing so, it balanced the need for a speedy trial with the efficiencies of continuity of counsel, reasonably concluding that a small delay was justified. *See United States v. DiTommaso*, 817 F.2d 201, 210 (2d Cir. 1987). The court also provided clear reasons on the record and in response to Jones's objections. We therefore find no abuse of discretion by the district court.

\* \* \*

We have considered Jones's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6