16-2839
United States v. Legrier

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand twenty.

PRESENT: JON O. NEWMAN
DENNIS JACOBS,*
Circuit Judges.

- - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,

      Appellee,

      -v.-                      16-2839

DESHAWN LEGRIER,

      Defendant-Appellant.
- - - - - - - - - - - - - - - - - - -X

---

* Judge Christopher F. Droney, who was originally assigned to the panel, retired from the Court, effective January 1, 2020, prior to the resolution of this case. The remaining two members of the panel, who are in agreement, have determined the matter. See 28 U.S.C. § 46(d); 2d Cir. IOP E(b); United States v. Desimone, 140 F.3d 457, 458-59 (2d Cir. 1998).

FOR APPELLANT:  GWEN M. SCHOENFELD, Law Office of Gwen M. Schoenfeld, LLC, Ridgewood, NJ.

FOR APPELLEE:  HAGAN SCOTTEN (with Won S. Shin on the brief), for Audrey Strauss, United States Attorney for the Southern District of New York, New York, NY.

On remand from the United States Supreme Court.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

On May 15, 2019, this Court affirmed the judgment of the United States District Court for the Southern District of New York (Abrams, <u>J.</u>) sentencing defendant Deshawn Legrier to 120 months' imprisonment on one count of possession of a firearm having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g).  <u>See</u> <u>United States v. Legrier</u>, 768 F. App'x 48, 48-50 (2019). In doing so, we rejected Legrier's claim of ineffective assistance of counsel.  <u>Id.</u>

Subsequently, the Supreme Court decided <u>Rehaif v. United States</u>, 139 S. Ct. 2191 (2019), holding that in a § 922(g) prosecution "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."

Id. at 2200.  As a result, Legrier filed a petition for a writ of certiorari requesting vacatur of his conviction and remand because the indictment failed to allege the statutory knowledge element and was jurisdictionally defective.  The Supreme Court granted the petition, vacated our judgment, and remanded for further consideration in light of Rehaif.  However, this Court's decision in United States v. Balde, 943 F.3d 73, 88-93 (2d Cir. 2019), forecloses Legrier's jurisdictional defect argument.

Legrier now argues his conviction should be vacated based on an erroneous jury instruction and insufficient evidence at trial to support his conviction.  The district court instructed the jury that "[t]he Government need not prove that the defendant knew that his conviction was punishable by a term of imprisonment exceeding one year," which is incorrect under Rehaif.  Legrier did not object to this instruction at trial; therefore, the plain error standard applies.  See Balde, 943 F.3d at 95-96.

"Under the plain error standard, an appellant must demonstrate that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial

3

proceedings." Id. at 96 (quoting United States v. Bastian, 770 F.3d 212, 219-20 (2d Cir. 2014)) (internal quotation marks omitted). As the parties agree, the first two requirements are satisfied. However, the error did not seriously affect the fairness of the judicial proceedings, let alone the integrity or public reputation of the judicial proceedings. That is because Legrier testified at trial that he had been convicted of two felonies prior to the date of the charged crime, and because he served over a year in prison on at least one of the convictions. Therefore, Legrier's challenge fails under the plain error standard.

****

For the foregoing reasons, the judgment of the District Court is hereby affirmed.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4