23-6087-cr
*United States v. Capers*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of December, two thousand twenty-four.

Present:

        GERARD E. LYNCH,
        EUNICE C. LEE,
        MYRNA PÉREZ,
                *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

        *Appellee,*

        v.                       No. 23-6087-cr

JAMES CAPERS, AKA, MITCH,

        *Defendant-Appellant.*[*]

_____

For Appellee:                    Scott Hartman, James Ligtenberg, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

---

[*] The Clerk of the Court is respectfully directed to amend the caption accordingly.

For Defendant-Appellant:  Jamesa J. Drake, Drake Law, LLC, Auburn, ME.

James Capers, *pro se*, Pine Knot, KY.

Appeal from a January 20, 2023 judgment of the United States District Court for the Southern District of New York (Cronan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant James Capers appeals from the district court's amended judgment of conviction, following this Court's remand for resentencing after vacatur of his conviction on one of multiple counts. *See United States v. Capers*, 20 F.4th 105 (2d Cir. 2021). Capers primarily argues that his resentencing to 504 months of imprisonment was procedurally erroneous because he was improperly designated as a career offender under the U.S. Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.").

In 2015, Capers, a member of a Bronx street gang, Leland Avenue Crew, shot and killed Allen McQueen, a member of a rival gang, Taylor Avenue Crew, in retaliation for the Taylor Avenue Crew's shooting of Leland's leader, Pablo Beard. Following a jury trial in 2016, Capers was convicted of one count of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) ("Count 1"); one count of participating in a narcotics distribution conspiracy, in violation of 21 U.S.C. § 846 ("Count 3"); and one count of murder through the use of a firearm in connection with the racketeering conspiracy in Count 1 and the narcotics distribution conspiracy in Count 3, in violation of 18 U.S.C. §§ 924(j) and 2 ("Count 5"). At sentencing in 2017, the district court (Pauley, *J.*) adopted the Probation Office's calculation of an offense level of 43 and criminal

2

history category of VI, corresponding to life imprisonment under the advisory Sentencing Guidelines. Capers was sentenced to 444 months of imprisonment on Counts 1 and 3, to run concurrently, and 60 months of imprisonment on Count 5, to run consecutively, for a total of 504 months of imprisonment.

On direct appeal, Capers argued, *inter alia*, that there was insufficient evidence to support the jury's finding that McQueen's murder was in furtherance of the narcotics conspiracy or the racketeering enterprise, and that the district court erred in instructing the jury that the racketeering conspiracy count was a crime of violence that could serve as a predicate for Count 5. This Court rejected Capers's sufficiency challenges. However, in light of the Supreme Court's decision in *United States v. Davis*, 588 U.S. 445 (2019), we vacated Capers's conviction for Count 5, holding that the racketeering conspiracy charge was not categorically a crime-of-violence predicate for the purposes of 18 U.S.C. § 924(j), and so the jury charge stating otherwise was erroneous. On remand, the district court was authorized "in its discretion to vacate the sentences and resentence the defendant on all counts." *Capers*, 20 F.4th at 130.

Before resentencing, the Probation Office prepared an updated Presentence Report to account for the vacatur of the Count 5 conviction. The update did not alter Count 1's offense level of 43, Capers's criminal history score, or the corresponding Guidelines recommendation of life imprisonment. As before the first sentencing, Capers was classified as a career offender due to two predicate controlled substance offenses under New York law. At the January 12, 2023 resentencing hearing, the district court adopted the Presentence Report's factual recitation, agreed with the unobjected-to career-offender designation, and found an offense level of 43 to be applicable with a recommended advisory sentence of lifetime imprisonment. The district court

3

ultimately reimposed a sentence of 504 months of imprisonment, to be followed by ten years of supervised release.

On appeal, through counsel, Capers claims the district court procedurally erred by determining he was a career offender. In a supplemental *pro se* brief, Capers raises a litany of arguments that challenge the clarity of the jury's verdict and its implications on the Sentencing Guidelines calculations. We assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal.

\*                    \*                    \*

This Court reviews a sentence's procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018). We review how a district court applies the Sentencing Guidelines *de novo*, "but factual determinations are reviewed for clear error." *United States v. Rainford*, 110 F.4th 455, 475 (2d Cir. 2024). If a defendant did not object to a procedural error in the district court's Sentencing Guidelines calculation, "we review for plain error." *Id.* "To demonstrate plain error, a defendant must show (1) error, (2) that is plain at the time of appellate review, and (3) that affects substantial rights. Where these conditions are met, we have the discretion to notice a forfeited error if (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Quinones*, 511 F.3d 289, 316 (2d Cir. 2007). "For an error to be plain, it must, at a minimum, be clear under current law." *United States v. Weintraub*, 273 F.3d 139, 152 (2d Cir. 2001) (internal quotation marks omitted).

On appeal and through counsel, Capers argues—and the government now agrees—that the

district court erred in concluding that Capers was a career offender under U.S.S.G. § 4B1.1. The district court had reached its conclusion, in part, by finding that Capers's prior conviction for attempted criminal sale of a controlled substance in the third degree under New York Penal Law § 220.39 constituted a "controlled substance offense" for the purposes of U.S.S.G. § 4B1.1(a). However, intervening precedent between resentencing and the present appeal has clarified that a conviction under New York Penal Law § 220.39 is not a predicate for "the career offender enhancement under our Circuit's categorical approach." *United States v. Chaires*, 88 F.4th 172, 179 (2d Cir. 2023); *see also United States v. Minter*, 80 F.4th 406, 412–13 (2d Cir. 2023). Because an error is deemed plain "by reference to the law as of the time of appeal," it is clear that Capers does not presently qualify as a career offender. *United States v. Garcia*, 587 F.3d 509, 520 (2d Cir. 2009).

Nonetheless, for the purposes of plain-error review, Capers has not met his burden of showing that his substantial rights were affected since the error "did not affect the outcome of the sentencing proceeding." *United States v. Alvarado*, 720 F.3d 153, 160 (2d Cir. 2013) (per curiam). Because Capers had an offense level of 43 for the murder of McQueen, the recommended Guidelines sentence is life imprisonment regardless of Capers's criminal history category. *See* U.S.S.G. Ch. 5, Pt. A (U.S. Sent'g Comm'n 2021). "[A]ny error would necessarily be harmless" since Capers's "Guidelines range would have been identical even absent" the erroneous career offender designation. *United States v. Brown*, 843 F.3d 74, 82 (2d Cir. 2016). Capers concedes that the career offender enhancement did not impact the advisory Sentencing Guidelines range. Instead, Capers speculates that the enhancement may have altered the district court's assessment of the 18 U.S.C. § 3553(a) factors, and that the career offender status

may preclude him from benefitting from future changes in law or policy. However, the district court did not rely on the career offender designation in evaluating the sentencing factors. Additionally, Capers's assertion that "unknown future consequences" may manifest is insufficient. Appellant's Counseled Br. at 3. "[W]here the effect of an error on the result in the district court is uncertain . . . indeterminate or only speculative, we cannot conclude that appellant's substantial rights have been affected." *United States v. Lombardozzi*, 491 F.3d 61, 74 (2d Cir. 2007) (internal quotation marks omitted).

In his *pro se* supplemental brief, Capers raises numerous forfeited arguments. Capers contends that his sentence must be vacated because: the district erred in considering his prior conviction for attempted criminal sale of a controlled substance to be a "serious drug felony" that triggers the enhanced mandatory minimum under 21 U.S.C. § 841(b)(1)(A); the jury did not make a finding that Capers had committed first-degree murder to justify imposing life imprisonment under Count 1; the jury did not attribute a specific drug quantity to the racketeering conspiracy in Count 1; there was no finding of drug quantity that Capers was personally responsible for; the Probation Office erroneously considered a juvenile offense in its criminal history calculation; and the jury instructions and verdict sheet were unconstitutionally vague. As Capers acknowledges, these claims are being raised for the first time on appeal and are thus subject to plain-error review.

Capers's arguments fail at the outset since he has not provided binding precedent to show that any of his positions are clear under Supreme Court or Second Circuit law. *United States v. Bastian*, 770 F.3d 212, 220 (2d Cir. 2014). Moreover, to the extent Capers raises challenges to his convictions—including the constitutionality of the jury verdict and jury instructions—under the guise of "attacking his sentence," Pro Se Reply Br. at 1, such claims are outside the scope of this Court's prior decision in this case, which limited remand to resentencing. The law of the case doctrine's "mandate rule" prevents a party from raising an argument in a limited remand for resentencing that the party "had an incentive and an opportunity to raise previously but did not raise." *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002).

\*                    \*                    \*

We have considered Capers's remaining arguments and find them to be without merit. For the reasons set forth above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court