8

William T. PERKS, Plaintiff–
Appellant,

v.

TOWN OF HUNTINGTON, and Susan
Scarpati–Reilly, as Councilwoman for
the Town of Huntington, and Individ-
ually, Defendants–Appellees.

No. 06–2836–cv.

United States Court of Appeals,
Second Circuit.

May 10, 2007.

Edward J. Yule, Northport, New York, for Appellant.

Ernest R. Stolzer, (James P. Clark, on the brief), Bond, Schoeneck & King, Garden City, New York, for Appellee Town of Huntington.

Jason L. Abelove, Garden City, New York, for Appellee Susan Scarpati–Reilly.

Present: Hon. WILFRED FEINBERG, Hon. SONIA SOTOMAYOR, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant William Perks appeals from the November 14, 2005 judgment of the United States District Court for the Eastern District of New York (Seybert, J.) in favor of defendant Town of Huntington (the "Town") on Perks's claims

of *quid pro quo* sexual harassment in violation of Title VII, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and New York Human Rights Law section 296 ("NYHRL"); hostile work environment sexual harassment in violation of Title VII and the NYHRL; retaliation in violation of Title VII and the NYHRL; and in favor of defendant Susan Scarpati–Reilly on Perks's claim of aiding and abetting a NYHRL violation. The judgment was based on a November 7, 2005 order granting in part the Town's motion for judgment as a matter of law under Federal Rule of Civil Procedure 50, and a jury verdict in favor of both defendants on the remaining claims. Perks also appeals the May 19, 2006 denial of his motions for judgment as a matter of law and for a new trial under Federal Rules of Civil Procedure 50 and 59. *Perks v. Town of Huntington,* No. 98–4811, slip op. at 12 (E.D.N.Y. May 19, 2006). We assume the parties' familiarity with the underlying facts of the case, its procedural history and the arguments on appeal.

■ First, Perks claims on appeal that the jury's responses to the special interrogatories relating to his claim of quid pro quo sexual harassment were inconsistent, and thus require either that judgment as a matter of law be directed in his favor or that he be granted a new trial on that claim. We recognize that the jury's responses, which indicated their conclusions both that (a) Perks's rejection of Scarpati–Reilly's unwelcome sexual advances "resulted in a tangible employment action adversely affecting the terms and conditions of his employment" and (b) the Town was not liable, were arguably inconsistent. *See Karibian v. Columbia Univ.,* 14 F.3d 773, 777–78 (2d Cir.1994) (holding that the law imposes strict liability on the employer for quid pro quo harassment, which is estab-

lished when the reaction to unwelcome sexual conduct affects the compensation, terms, conditions or privileges of employment). By failing to object to the verdict before the jury was discharged, however, Perks waived any challenge to the verdict. *See Kosmynka v. Polaris Indus.,* 462 F.3d 74, 83 (2d Cir.2006) ("It is well established that a party waives its objection to any inconsistency in a jury verdict if it fails to object to the verdict prior to the excusing of the jury."); *United States Football League v. National Football League,* 842 F.2d 1335, 1367 (2d Cir.1988) ("Courts have held that a party's failure to bring alleged inconsistencies in the verdict sheet to the court's attention before the jury has been discharged waives the right to have the alleged inconsistencies remedied by a new trial."). Because a timely objection to the verdict would have permitted the district court to resolve the confusion inherent in the jury's responses, and indeed, a timely objection to the underlying charge could have prevented the confusion in the first place, a "case-by-case application of the familiar principles of waiver" compels us to deem the claim waived on appeal. *Denny v. Ford Motor Co.,* 42 F.3d 106, 111 (2d Cir.1994).

■ Nor is the inconsistent verdict fundamental error. *See Velez–Shade v. Hous. Auth. of New Haven,* 251 F.3d 307, 312 (2d Cir.2001). In light of the paucity of evidence adduced by Perks in support of his quid pro quo claim, as ably noted by the district court, *see Perks,* slip op. at 12, we decline to find that the inconsistency in the verdict was "so serious and flagrant that it [went] to the very integrity of the trial." *Velez–Shade,* 251 F.3d at 312.

Even were we to find that Perks had not waived his challenge to the verdict, we would not grant his motion for judgment

as a matter of law. *See Armstrong v. Brookdale Univ. Hosp. & Med. Ctr.,* 425 F.3d 126, 133 (2d Cir.2005) (review of district court's disposition of motion for judgment as a matter of law is de novo). Contrary to Perks's claim on appeal, it is not clear that the jury's responses to questions 1, 2(i) and 2(ii) were factual findings that should not be disturbed while its response to question 2(iii) was merely an erroneous application of law that could be corrected by entering judgment in his favor. On the contrary, the seemingly incompatible responses to questions 2(ii) and 2(iii) could have stemmed from the jury's failure to follow the court's legal instructions either on what constitutes a "tangible employment action"[1] or on what rendered the Town liable; absent a request for clarification—which Perks could have requested following the verdict—it is impossible to tell. Under such circumstances, judgment as a matter of law is inappropriate. *See* Fed.R.Civ.P. 50(a)(1) (providing that judgment as a matter of law is appropriate only when no legally sufficient evidentiary basis existed for the verdict).

■ Second, Perks argues that the court's charge to the jury on his hostile work environment claim, which did not specifically instruct the jury that it could consider a "single act transforming the workplace" as evidence of a hostile work environment, was erroneous. Because Perks did not object to the charge below, we review only for fundamental error. *Armstrong,* 425 F.3d at 133. The charge, which did not instruct the jury that they could *not* consider a single transforming act, emphasized that the jury must consid-

er "all the circumstances," and closely tracked governing precedent in this Circuit. *See Howley v. Town of Stratford,* 217 F.3d 141, 153 (2d Cir.2000) (stating that "[u]sually, a single isolated instance of harassment will not suffice to establish a hostile work environment unless it was 'extraordinarily severe,'" but nonetheless reversing district court's grant of summary judgment based on its erroneous conclusion that "a single incident of verbal harassment is not sufficient, apparently without considering the totality of the circumstances"). The charge was therefore not erroneous, much less fundamentally erroneous.

■ Third, Perks contends that the court's instruction on his retaliation claim was erroneous in light of the supervening Supreme Court decision in *Burlington Northern & Santa Fe Railway Co. v. White,* —— U.S. ——, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006). We reject this challenge, as the charge, to which Perks did not object before its submission to the jury, accurately stated the clearly established law at the time. *See Innomed Labs, LLC v. ALZA Corp.,* 368 F.3d 148, 162 (2d Cir.2004). Moreover, to the extent Perks claims that the charge—erroneously, he alleges, in light of *Burlington*—limited the jury's consideration to economic injuries, we note that the charge explicitly stated that "a plaintiff need not suffer an actual economic loss in order to establish adverse employment action." Further, the instruction that "trivial and innocuous actions" that "are not accompanied by adverse consequences to the employee" are not adverse actions is consistent with *Burling-*

---

1. As the district court and the Town suggest, it is possible that the jury expressed its factual finding that Scarpati–Reilly had no authority to change the terms of Perks's employment in its response to question 2(iii), rather than in question 2(ii) where it was arguably more appropriate.

*ton. See* 126 S. Ct at 2415 ("We speak of *material* adversity because we believe it is important to separate significant from trivial harms."). Thus the instruction on retaliation, if inconsistent with *Burlington* at all, is certainly not so inconsistent as to have constituted fundamental error.

■ Fourth, Perks challenges the court's grant of judgment as a matter of law to defendants on two bases of his retaliation claim: (1) that he was retaliated against when he was denied a retirement incentive by the Town after refusing to sign a release of claims; and (2) that he was retaliated against when the Town refused to pay for the attorney he retained in connection with the fact-finding investigation. With regard to the first, irrespective of what various courts have ruled about benefits conditioned on releases as evidence of retaliation, Perks adduced no evidence that the Town's legitimate, non-discriminatory reason for denying him the incentive—that Perks refused to sign the waiver that all eligible employees were required to sign—was in fact pretextual. Hence there was no "legally sufficient evidentiary basis," Fed.R.Civ.P. 50(a)(1), for a finding of retaliation based on that conduct. Similarly, given the Town's reasonable explanation for refusing to pay for Perks's attorney in connection with the fact-finding investigation, and absent any evidence that other employees were treated differently under similar circumstances, there was no "legally sufficient evidentiary basis" to send to the jury the question of whether the denial of legal fees constituted retaliation.

■ Finally, Perks challenges various of the district court's evidentiary rulings, in-cluding its exclusion from evidence of the fact finder's report. We review a district court's evidentiary rulings under a deferential abuse of discretion standard, *United States v. Fabian,* 312 F.3d 550, 557 (2d Cir.2002), and will not disturb such rulings unless they are "manifestly erroneous," *Luciano v. Olsten Corp.,* 110 F.3d 210, 217 (2d Cir.1997). The district court's conclusion that the fact finder's report was determinative of the ultimate issue before the jury and was prejudicial was not an abuse of discretion under this deferential standard. Moreover, given that the court permitted witnesses to testify as to what they told the fact finder, it is unlikely that "the factfinder's judgment was swayed by" the exclusion of the actual report. *Tesser v. Bd. of Educ. of City Sch. Dist.,* 370 F.3d 314, 319 (2d Cir.2004) (internal quotation marks omitted). We also find no abuse of discretion in the other evidentiary rulings Perks has challenged.

Because we reject Perks's challenge to the judgment below, we do not consider the Town's argument that his claims against them were barred by res judicata.

For the foregoing reasons, we AFFIRM the judgment of the district court.