25-587-cv
*Ramadei v. Radiall USA, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand twenty-six.

PRESENT:
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

---

GARY T. RAMADEI,
> *Plaintiff-Appellee*,

v.                                                          25-587-cv

RADIALL USA, INC.,
> *Defendant-Appellant*.

---

| | |
|---|---|
| FOR PLAINTIFF-APPELLEE: | AMANDA M. DEMATTEIS (Joshua R. Goodbaum, Meaghan C. Kirby, *on the brief*), Garrison, Levin-Epstein, Fitzgerald & Pirrotti, P.C., New Haven, CT. |
| FOR DEFENDANT-APPELLANT: | ANDREW BUTZ, Kiernan Trebach LLP, Washington, DC (Christopher Jefford, *on the brief*, Kiernan Trebach LLP, Boston, MA). |

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellee Gary Ramadei sued his former employer, Defendant-Appellant Radiall USA, Inc., alleging, among other things, that Radiall terminated his employment in retaliation for taking medical leave under the Family and Medical Leave Act ("FMLA"). The district court denied Radiall's motion for summary judgment as to Ramadei's FMLA retaliation claim, and the case proceeded to trial in December 2023. The jury returned a verdict for Ramadei, and the court entered final judgment for Ramadei in the amount of $770,006.06 plus post-judgment interest. Radiall filed post-trial motions for a new trial and for judgment as a matter of law in October 2024, which the court denied.[1] On appeal, Radiall argues principally that (1) the district court erred by using the "motivating factor" causation standard rather than the "but for" causation standard for the FMLA retaliation claim, (2) the jury returned an irreconcilably inconsistent verdict, and (3) the court erroneously admitted testimony from two witnesses. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

### I.    Motivating-Factor Causation Standard

Radiall contends the district court committed legal error by using the motivating-factor rather than the but-for causation standard for Ramadei's FMLA retaliation claim when it denied Radiall's summary-judgment motion, created the verdict form, and instructed the jury. Our decision in *Woods v. START Treatment & Recovery Centers, Inc.* held that "a 'motivating factor'

---

[1] The district court construed Radiall's post-trial motion for judgment notwithstanding the verdict as a renewed motion for judgment as a matter of law.

causation standard applies" to FMLA retaliation claims.    864 F.3d 158, 166 (2d Cir. 2017).    But Radiall asks us to overturn *Woods* because (1) *Woods* was based on *Chevron* deference, which the Supreme Court overruled in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024); and (2) *Woods* is inconsistent with the Supreme Court's rulings in *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167 (2009); *University of Texas Southwestern Medical Center v. Nassar*, 570 U.S. 338 (2013); and *Comcast Corp. v. National Ass'n of African American-Owned Media*, 589 U.S. 327 (2020).    Radiall maintains that under *Gross*, *Nassar*, and *Comcast*, causes of action created in federal employment-discrimination statutes incorporate but-for causation unless Congress expressly says otherwise.    Radiall claims that this default rule of but-for causation applies here because the FMLA does not expressly provide for a different causation standard for retaliation claims.

Radiall waived this argument because it requested that the jury be instructed on the motivating-factor standard, as reflected in its pretrial proposed jury instructions.    We will not grant relief where, as here, a party has invited the error it complains of.    *See United States v. Bastian*, 770 F.3d 212, 218 (2d Cir. 2014).

Even if Radiall had not affirmatively waived the causation issue, it would also be forfeited. At no point did Radiall challenge the *Woods* motivating-factor causation standard before the district court, even though the *Gross*, *Nassar*, and *Comcast* decisions it relies on were all issued before this action commenced in October 2021.    And Radiall did not challenge the standard based on *Loper Bright* in its October 2024 post-trial motions, even though the Supreme Court had decided *Loper Bright* more than three months earlier.

Where a party has merely forfeited an issue, we may review their challenge for plain error. *See Lavin-McEleney v. Marist Coll.*, 239 F.3d 476, 482 (2d Cir. 2001) ("Because plaintiff did not

3

challenge the special verdict form below, we review for plain error."); *Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 236-37 (2d Cir. 2020) ("This court applies a 'plain error' standard when reviewing unpreserved objections to jury instructions in civil cases."). Under plain-error review, we "will only grant relief if there was (1) error, (2) that is plain, (3) that affects substantial rights, and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Keeling v. Hars*, 809 F.3d 43, 51 (2d Cir. 2015) (quotation marks omitted). "A reviewing court should overturn a lower court's decision on plain error review only with extreme caution in the civil context." *Yukos*, 977 F.3d at 237 (cleaned up). "On plain error review, we typically will not find such error where the operative legal question is unsettled, including where there is no binding precedent from the Supreme Court or this court." *Fabri v. United Techs. Int'l, Inc.*, 387 F.3d 109, 122 (2d Cir. 2004) (cleaned up).

Radiall has failed to demonstrate plain error here. Its argument raises the "unsettled" legal question whether *Gross*, *Nassar*, and *Comcast* require application of the but-for causation standard to FMLA retaliation claims. *Id.* (quotation marks omitted). Those cases interpreted other statutes. *See Gross*, 557 U.S. at 180 (Age Discrimination in Employment Act); *Nassar*, 570 U.S. at 362 (Title VII); *Comcast*, 589 U.S. at 341 (42 U.S.C. § 1981). And neither the Supreme Court nor we have addressed the implications of all three cases for FMLA retaliation claims. Given our decision in *Woods* adopting the motivating-factor standard, and the absence of "binding precedent from the Supreme Court or this court" to the contrary, the district court did not commit plain error in using the motivating-factor causation standard. *Fabri*, 387 F.3d at 122 (cleaned up).

4

## II. Jury Verdict

Radiall next contends that the case should be retried because the jury returned an irreconcilably inconsistent verdict. In response to Question 1 on the verdict form, the jury found that Ramadei had "proven by a preponderance of the evidence that he exercised his rights under the FMLA, and that Radiall USA's termination of his employment was motivated, at least in part, by his medical leave pursuant to the Family and Medical Leave Act." Special App'x at 25. The jury also found, in response to Question 5, that Radiall had "proven by a preponderance of the evidence that it acted in good faith and had reasonable grounds to believe terminating Mr. Ramadei was not a violation of the Family and Medical Leave Act." *Id.* at 26. Radiall claims that these two answers are logically incompatible and that the jury's good-faith finding is binding on the district court rather than advisory.

As with its causation argument, however, Radiall has waived its consistency challenge and, even if the claim had not been waived, it failed to demonstrate error warranting a new trial. "It is well established that a party waives its objection to any inconsistency in a jury verdict if it fails to object to the verdict prior to the excusing of the jury." *Kosmynka v. Polaris Indus., Inc.*, 462 F.3d 74, 83 (2d Cir. 2006). Radiall failed to object to the verdict on consistency grounds before the court excused the jury and thus waived this argument.[2] "Nor is the [purportedly] inconsistent verdict fundamental error," *Perks v. Town of Huntington*, 234 F. App'x 8, 10 (2d Cir. 2007), "a standard that is more stringent than the plain error standard," *Fabri*, 387 F.3d at 119. Radiall's consistency challenge raises multiple unsettled legal questions, including whether (1) a good-faith

---

[2] "The verdict sheet, for its part, implied that" the jury could find retaliation as well as good faith. *Anderson Grp., LLC v. City of Saratoga Springs*, 805 F.3d 34, 48 (2d Cir. 2015). "At bottom, therefore," Radiall's "argument that the jury was required to reach consistent outcomes" (i.e., retaliation and lack of good faith, or good faith and no retaliation) "is, in reality, a challenge to the content of the district court's instructions or to the composition of the verdict sheet." *Id.* at 48-49. "As such challenges must be raised before the jury retires to deliberate," Radiall "waived them at well." *Id.* at 49.

5

finding is irreconcilable with a retaliation finding in an FMLA case and (2) a jury's good-faith finding in an FMLA retaliation case is or can be advisory. Without binding precedent on these issues, "any error in the jury verdict, if there was one, is not fundamental." *Anderson Grp., LLC v. City of Saratoga Springs*, 805 F.3d 34, 50 (2d Cir. 2015).

### III. Evidentiary Rulings

Finally, Radiall contends that the district court erred in admitting testimony from two witnesses. The court's evidentiary rulings do not merit a new trial.

"We review the district court's evidentiary rulings for abuse of discretion." *Warren v. Pataki*, 823 F.3d 125, 137 (2d Cir. 2016). We "give district court judges wide latitude in determining whether evidence is admissible at trial." *Meloff v. N.Y. Life Ins. Co.*, 240 F.3d 138, 148 (2d Cir. 2001) (quotation marks omitted). An "erroneous evidentiary ruling warrants a new trial only when a substantial right of a party is affected, as when a jury's judgment would be swayed in a material fashion by the error." *Lore v. City of Syracuse*, 670 F.3d 127, 155 (2d Cir. 2012) (quotation marks omitted). "We will not grant a new trial if we find that the improperly admitted evidence was harmless." *Warren*, 823 F.3d at 138 (quotation marks omitted). "An error is harmless if we can conclude with fair assurance that the evidence did not substantially influence the jury." *Cameron v. City of New York*, 598 F.3d 50, 61 (2d Cir. 2010) (quotation marks omitted). "In civil cases, the burden falls on the appellant to show that the error was not harmless and that it is likely that in some material respect the factfinder's judgment was swayed by the error." *Warren*, 823 F.3d at 138 (quotation marks omitted).

Radiall challenges the admission of testimony from (1) Joanna Petrowski, a former Radiall employee who testified about her experience taking medical leave, and (2) Ramadei himself, who testified that William Moleski had taken medical leave from his job at Radiall and that Ramadei

6

heard that Moleski had been told his health insurance was revoked while he was on leave. Assuming without deciding that the district court erred in admitting this testimony, we conclude that Radiall has failed to meet its burden to show these errors were not harmless. To try to show the challenged testimony substantially influenced the jury, Radiall offers only "conjecture." *Tesser v. Bd. of Educ. of City Sch. Dist. of City of N.Y.*, 370 F.3d 314, 320 (2d Cir. 2004). It states that "the testimony of Petrowski likely took on extraordinary significance for the jury," Ramadei's testimony about Moleski was "introduced just before closing arguments," and the "combination" of testimony from Petrowski and Ramadei "in this short trial likely resulted in the jury improperly applying 'rough justice' against Radiall." Appellant's Br. at 55, 58. Without more, "we have no basis on which to conclude that it is likely that in some material respect the factfinder's judgment was swayed by the alleged error[s]." *Tesser*, 370 F.3d at 320 (cleaned up).

\* \* \*

We have considered Radiall's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7